IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LISA I. GLASSCOCK                                                                  PLAINTIFF

v.                                        CIVIL NO. 14-5149

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on April 29, 2011, alleging an inability to work since February 1, 2011,[1] due to degenerative disc disorder, carpal tunnel syndrome, fibromyalgia, high blood pressure, sciatic nerve damage, a bulging disc, spinal stenosis, and "straightening of Cervical Lordosis." (Tr. 185, 201).  An administrative video hearing was held on September 14, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 88-116).

---

[1] Plaintiff, through her counsel, amended her alleged onset date to May 27, 2011.  (Tr. 71, 258).

By written decision dated December 14, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 73). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of her cervical spine/radiculopathy, bilateral carpal tunnel syndrome, fibromyalgia, hypertension, obesity, and lumbar radiculopathy. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr.75 ). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except she can climb ramps and stairs only occasionally, she can never climb ladders, ropes and scaffolds, and she can balance, stoop, kneel, crouch and crawl occasionally. The claimant is further limited and can frequently handle and finger bilaterally, and she can frequently reach bilaterally, including overhead.

(Tr. 75). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a housekeeping cleaner and a food assembly worker. (Tr. 80).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 25, 2013. (Tr. 8-12). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 9; 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

AO72A
(Rev. 8/82)

supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform light work with limitations. While the Court finds substantial evidence to support the ALJ's determination regarding Plaintiff's mental impairments and her mental RFC, after reviewing the entire record the Court cannot say the same about Plaintiff's alleged physical impairments. In making this determination, the ALJ stated that he did not give significant weight to the opinions of Dr. Garland M. Thorn Jr., and Dr. Thomas R. Dykman, two of Plaintiff's treating physicians.

A review of the record reveals that in February of 2011, Dr. Thorn opined that Plaintiff could not lift over ten pounds and could not perform overhead lifting or repetitive use of her arms for the rest of the year. (Tr. 653). The record further reveals that in May of 2011, Dr. Dykman opined that Plaintiff could perform only part-time work. (Tr. 680). The ALJ did not give Dr. Thorn's or Dr. Dykman's opinions significant weight because these opinions were given prior to Plaintiff's carpal tunnel release surgeries in June and August of 2011, respectively. (Tr. 80). The ALJ also found that Dr. Thorn's statement that Plaintiff would have these limitations "for the rest of the year" meant the rest of the school year, as Plaintiff had been working in the cafeteria of a school. What is troubling to the undersigned is the ALJ's failure to address Dr. Thorn's opinion dated February 7, 2012, well after Plaintiff's two carpal tunnel release surgeries. (Tr. 397). In this opinion, Dr. Thorn opines that Plaintiff cannot perform part-time work activities of any nature for more than ten hours in a forty hour work week; that Plaintiff would require four or more unscheduled work breaks in an eight hour work-day due to physical restrictions; that Plaintiff has significant limitations in the ability to reach/push/pull bilaterally

in the upper extremities; and that Plaintiff has significant limitations in the ability to handle and work with small objects with both hands. (Tr. 397). The medical evidence also reveals that Dr. Gannon B. Randolph recommended that Plaintiff undergo surgical intervention of her cervical spine in March of 2012. (Tr. 476). After reviewing the record, the Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's alleged physical impairments.

On remand, the ALJ is directed to address interrogatories to Drs. Thorn and Randolph requesting that they review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis Plaintiff's condition and level of pain, and complete a medical assessment of Plaintiff's ability to perform work-related activities for the relevant time period in question. See 20 C.F.R. § 404.1517.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV.   Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of August, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)